Brassard, J.
This is an action for judicial review of a decision of the Department of the State Police. Plaintiff, Paul G. Greaney (“Greaney”), brings this motion for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c). Defendants have filed a cross-motion for judgment on the pleadings. For the reasons set forth below, the cross-motions are DENIED.
*438 BACKGROUND
Greaney served in the Department of the State Police (“the department”) until August 17, 1996. Greaney had been promoted to the position of Major in December 1992. In 1996, Greaney was informed that he had the option of either accepting a demotion to the rank of Captain or of terminating his employment. Greaney retired on August 17, 1996.
DISCUSSION
The authority for judicial review of an order of the department is set forth in Mass. Gen. Laws chapter 22C, §43. G.L.c. 22C, §43 provides, in relevant part:
Any person aggrieved by an order [of the department] may appeal to the superior court . . . The superior court shall have jurisdiction in equity upon such appeal to annul such order if found to exceed the authority of the department.
Defendants argue that the court’s review of the department’s decision is limited to a review of the administrative record, in accordance with the provisions of G.L.c. 30A, §14. Defendants’ argument is, however, unpersuasive in light of the facts of this case.[2] The use of the phrase “in equity" in G.L.c. 22C, §43 suggests that the scope of the court’s review is not limited to the administrative record, particularly when that record is as attenuated as it is here. The court generally has the benefit of a full record when it reviews an agency decision, and the court may even permit the introduction of additional evidence in cases where the court finds that there is good reason to do so. G.L.c. 30A, §14(6). Here, there is virtually no record presented for the court to review.
Significantly, the parties take widely differing views as to the controlling facts of the matter. The parties do not agree as to whether Greaney’s position was abolished, the reason for Greaney’s proposed demotion, or what Greaney was told as to these matters. There is no evidence before this court as to the grounds on which the hearing officer determined that the department had properly followed its own procedures. There is nothing in the record which assists the court in resolving these issues, and there are no affidavits before the court on these matters.
Defendants argue that Greaney has no grounds on which to contest his proposed demotion, because Greaney elected to retire before the demotion actually occurred. Greaney responds that he was forced to retire in order to preserve his retirement benefits as best he could. In light of the limited record, the court finds that the fact that Greaney has retired is not sufficient to remove the case from the court’s jurisdiction at this time.
Moreover, the parties raise serious and novel legal issues, including the interrelation between G.L.c. 30, §9A (the Veteran’s Tenure Act) and G.L.c. 31 (civil service laws), and the interrelation between G.L.c. 22C, §3, which grants the colonel of the state police wide discretion and G.L.c. 22C, §24, which requires certain personnel decisions to be based upon seniority. Further, in order to determine whether Greaney’s position is one which receives the protection of the Veteran’s Tenure Act, the court must determine whether Greaney’s job was one “given over to free administrative discretion by statute.” See Barkin v. Milk Control Commission, 8 Mass.App.Ct. 517, 521 (1979). The court is also asked to determine what Greaney’s “office or position” is for purposes of the relevant statutes, in order to determine if the decision to demote him was purely discretionary or was regulated by one of the provisions cited by plaintiff. See G.L.c. 30, §9A. Under these circumstances, and after making a careful reading of the jurisdictional grant and other relevant statutes, this court determines that there is a need for an evidentiary hearing to determine the facts on the basis of which the court can determine the legal issues.
ORDER
It is therefore ORDERED that the parties’ cross-motions for'judgment on the pleadings are DENIED.

 G.L.c. 30A, §14 provides, in relevant part:
Where a statutory form of judicial review or appeal is provided such statutory form shall govern in all respects, except as to standards for review. The standards for review shall be those set forth in paragraph (7) of this section, except so far as statutes provide for review by trial de novo. Insofar as the statutory form of judicial review or appeal is silent as to procedures provided in this section, the provisions of this section shall govern such procedures.
Although G.L.c. 22C, §43 does not provide for trial de novo, this court concludes that the language of that statute, in particular the phrase “in equity,” makes it clear that the court may conduct an evidentiary hearing. Compare, for example, G.L.c. 214, §1B.

 The Department of State Police and the Commonwealth of Massachusetts